# District Court of the United States

**FILED**

SEP 02 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Plaintiff Susan Brashear Anthony )
)
versus )
)
Defendants County of Solano, Napa & )  Case 2:25-cv- 02248 *TLN CKD (PS)*
Contra Costa Counties, Magistrates )
Christine Carringer, Kelly Trujillo, Jeffrey )
Kauffman, William Pendergast III &Julie )
Conger, Jason Speakman, Julie Barga, )
Kevin Shok, & 1-100 Does. )

## Emergency Application for Temporary Restraining Order and Preliminary Injunction

### I. Emergency Application for Temporary Restraining Order

To the Honorable Court:

Plaintiff Susan Brashear Anthony, proceeding pro se, respectfully applies for an emergency Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) to immediately enjoin Defendants from executing an unconstitutional bench warrant issued in systematic violation of clearly established federal due process law.

#### Nature of Constitutional Emergency

This case presents extraordinary circumstances warranting federal intervention under Pulliam v. Allen, 466 U.S. 522 (1984). A state court has systematically avoided federally mandated probable cause hearings under Gerstein v. Pugh, 420 U.S. 103 (1975), instead issuing punitive bench warrants that threaten to leave a 98-year-old dependent without essential care. This pattern constitutes precisely the type of systematic constitutional nullification that Pulliam was designed to address.

#### Relief Requested

Plaintiff respectfully requests this Court enter an emergency TRO:

1. Staying execution of unconstitutional bench warrant pending compliance with Gerstein v. Pugh probable cause requirements;
2. Mandating proper probable cause hearing before any detention;
3. Enjoining warrantless surveillance and ordering camera removal from private property;
4. Requiring preservation of all evidence relevant to constitutional claims;
5. Providing humanitarian protection for elderly dependent care and or emergency.

Page 1 of 5

**Emergency Application for Temporary Restraining Order and Preliminary Injunction**

## II. Compliance with Local Rule 231

### A. Required Documents Under L.R. 231(c)

Pursuant to Local Rule 231(c), this emergency application includes:

- Complaint filed herewith
- Motion for temporary restraining order
- Brief on relevant legal issues
- Declaration supporting irreparable injury
- Certificate of notice compliance
- Proposed temporary restraining order

### B. Notice Under L.R. 231(a)

Pursuant to Local Rule 231(a), actual notice was provided to Solano County Counsel by telephone and email as detailed in the Certificate of Compliance. Emergency circumstances - active bench warrant threatening immediate arrest and elderly care crisis - justify the limited notice provided.

## III. Legal Standard for Temporary Restraining Orders

Federal Rule 65(b) permits TRO issuance upon showing: (1) immediate irreparable injury before adverse party can be heard; (2) likelihood of success on merits; (3) balance of hardships favors movant; and (4) public interest supports relief.

**Pulliam v. Allen Extraordinary Circumstances**: More critically, Pulliam v. Allen, 466 U.S. 522 (1984), permits federal intervention in state proceedings when extraordinary circumstances involve systematic violations of clearly established federal constitutional law. This case presents precisely those circumstances.

## IV. Irreparable Harm Requiring Immediate Relief

### A. Constitutional Violations Per Se

"Violations of constitutional rights constitute irreparable harm as a matter of law." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). Ongoing due process violations through systematic avoidance of Gerstein requirements constitute irreparable harm not compensable by damages.

### B. Humanitarian Emergency

Plaintiff's arrest would create immediate life-threatening emergency for her 98-year-old mother who is legally blind with macular degeneration and requires daily medication, meals, and medical care. No alternative arrangements exist, creating genuine humanitarian crisis. Plaintiff

**Emergency Application for Temporary Restraining Order and Preliminary Injunction**

also cares for a mentally challenged individual with an IQ of about 80 and does everything for both of these individuals from shopping to medical assistance.

## C. Systematic Constitutional Nullification

Under Pulliam v. Allen, the state court's pattern of avoiding probable cause hearings while issuing punitive bench warrants constitutes systematic nullification of clearly established federal constitutional rights requiring immediate intervention.

## V. Likelihood of Success on Merits

### A. Pulliam v. Allen Extraordinary Circumstances Established

This case presents the exceptional situation contemplated in Pulliam v. Allen where federal intervention is required due to systematic state violations of clearly established federal law:

**Pattern of Gerstein Avoidance:** The state court has engaged in a deliberate pattern of avoiding federally mandated probable cause hearings:

- At a hearing on July 7, 2025: Magistrate Kauffman failed to hold probable cause hearing and even though no probable cause was found he issued bench warrant instead.
- At a hearing on August 18, 2025: Magistrate Kauffman again avoided probable cause hearing and instead issued second bench warrant against Plaintiff.
- Multiple opportunities to comply with Gerstein v. Pugh have been systematically ignored
- Court chose punitive bench warrants over constitutionally required determinations. The state has prosecuted Plaintiff for several months with no writ of probable cause signed.

**Systematic Constitutional Nullification**: The state court "work[ed] a patent and fundamental destruction of a constitutional right." Pulliam v. Allen, 466 U.S. at 529. Defendants have:

- Converted constitutionally required probable cause hearings into punitive warrant issuance rather that hold a probable cause hearing.
- Repeatedly chosen punishment over constitutional adjudication of evidence necessary to even bring the case forth. This pre-supposes the validity of the prosecution when the burden is supposed to be on the prosecution to show its actions are properly.
- Created system where Plaintiff (and citizens) face detention without federal protections
- The established pattern in at least this case effectively shows the actions of the effectively nullifying Gerstein protections

**Clearly Establish Law Violated**: Gerstein v. Pugh, 420 U.S. 103 (1975), mandates probable cause determination before detention. This requirement is "clearly established" and "not subject to dispute." Pulliam v. Allen, 466 U.S. at 534.

**Emergency Application for Temporary Restraining Order and Preliminary Injunction**

**B. Fourth Amendment Violations**

**Expired Warrant**: Search warrant issued May 3, 2024, executed June 5, 2024—33 days exceeding California Penal Code § 1534's 10-day limit, rendering search constitutionally unreasonable under Sgro v. US, 287 U.S. 206 (1932).

**Warrantless Surveillance**: Installation of camera on private property violates Carpenter v. United States, 138 S. Ct. 2206 (2018), and United States v. Jones, 565 U.S. 400 (2012).

**C. Due Process Violations**

Systematic Brady material withholding violates clearly established law under Brady v. Maryland, 373 U.S. 83 (1963). Defendants refuse to produce body camera footage, veterinary reports, and witness statements that could establish innocence.

## VI. Balance of Hardships

**Plaintiff's Irreparable Harms:**

- Systematic constitutional violations continuing daily
- 98-year-old mother's life endangered without care
- Privacy rights violated through ongoing surveillance
- Due process denied through evidence withholding

**Defendants' Minimal Harm:**

- Temporary delay pending constitutional compliance
- Removal of unlawfully installed equipment
- Compliance with existing Brady obligations

Constitutional protection clearly outweighs administrative inconvenience. Winter v. Natural Resources Defense Council, 555 U.S. 7, 24 (2008).

## VII. Public Interest

Federal courts have a duty to protect constitutional rights from state violations under Ex parte Young, 209 U.S. 123 (1908). Protecting Gerstein rights serves broader public interest in ensuring state court compliance with fundamental federal constitutional requirements.

## VIII. Notice of Certification Pursuant to Local Rule 231(a)

Pursuant to Local Rule 231(a) and Federal. Rules of Civil Procedure 65(b)(1)(B), actual notice provided to Solano County Counsel by:

**Emergency Application for Temporary Restraining Order and Preliminary Injunction**

- Telephonic notice describing emergency relief sought.
- Email notice detailing constitutional violations.
- Emergency justification: Active bench warrant creates immediate irreparable injury.
- Constitutional violations continuing with each day of delay.

See attached Certificate of Compliance for detailed documentation.

### IX. Security Waiver Requested

Fed. R. Civ. P. 65(c) and L.R. 151 permit security waiver. Security should be waived due to Plaintiff's indigent status and constitutional nature of claims serving public interest. Crowley v. Local No. 82, 679 F.2d 978, 1000 (1st Cir. 1982).

**WHEREFORE, Plaintiff respectfully requests this Court issue emergency TRO as set forth in proposed order.**

Respectfully submitted,

Dated ___ September 2025   X _____

**Susan Brashear Anthony**

### Verification

I, Susan Brashear Anthony, declare under penalty of perjury under the laws of the United States that I have read the foregoing Complaint and know the contents thereof. The factual allegations contained herein are true and correct to the best of my knowledge and belief.

Dated ___ September 2025   X _____

**Susan Brashear Anthony**
Self-Represented
900 Carolina Street
Vallejo California [94590]

**Emergency Application for Temporary Restraining Order and Preliminary Injunction**

# District Court of the United States

**Plaintiff Susan Brashear Anthony** )
            )
   **versus**       )
            )
**Defendants County of Solano, Napa &** ) **Case 2:25-cv- 02248**
**Contra Costa Counties, Magistrates** )
**Christine Carringer, Kelly Trujillo, Jeffrey** )
**Kauffman, William Pendergast III &Julie** )
**Conger, Jason Speakman, Julie Barga,** )
**Kevin Shok, & 1-100 Does.**   )

### Declaration in Support of Emergency Temporary Restraining Order Application

I, Susan Brashear Anthony, declare under penalty of perjury:

### I. Background and Standing

1. I am Plaintiff in this federal civil rights action, age 68, residing at 900 Carolina Street, Vallejo, California. I own property and operate Squeaky Clean Car Wash, demonstrating substantial community ties, I take care of my 98 years old disabled mother and am not a flight risk.

2. I am sole caregiver for my 98-year-old mother and requiring daily attention including, meals, medical appointments, and emergency response. And another disabled individual. See Exhibit A-1, A-2, and A-3 as it relates to the two dependents and mother medical records.

3. I have disabilities including Attention Deficit Disorder, hearing impairments, and mobility limitations qualifying me as "qualified individual with disability" under 42 U.S.C. § 12131(2).

### II. Constitutional Emergency – Systematic Gerstein Violations

4. **Current Prosecution:** Plaintiff is currently being criminally prosecuted in Solano County. See Solano County Superior Court Case Number: 24-01627 People v. Anthony for a felony PC 597. The case began supposedly because there is a claim that a month old kitten was allegedly attacked by my dogs even though no one claims the kitten, no one saw my dogs attack the kitten and there are many wild animals living in this rural area like coyotes in this outskirt part of Vallejo.

Page 1 of 8

### Declaration in Support of Emergency Temporary Restraining Order Application

5. **No Probable Cause:** There has not been a proper neutral probable cause hearing determination made to date and no writ of probable cause has been signed by a magistrate as is required: "Held: No probable cause for petitioner's arrest having been shown, the arrest, and therefore necessarily the search for and seizure of the slips incident thereto, were invalid under the Fourth and Fourteenth Amendments." Beck v. Ohio, 379 US 89 (1964).

6. Plaintiff has gone to her several hearings relative to this case for months since the case started on 29 April 2025. Plaintiff has brought this issue of not having a probable cause hearing on several occasions to the courts attention verbally in writing only to be ignored.

7. There are numerous errors and routine mistakes throughout the case on top of baseless allegations. The number of clear errors involving mistakes in the various warrants used in this matter is unsettling. A search warrant was issued on 3 May 2024 (See Exhibit B-1) and the warrant was executed on 5 June 2024 which is 33 days late under California and the return stated the warrant was taken out on June 3rd with no explanation for this clear discrepancy (See Exhibit B-4).

8. On August 18, 2025, Magistrate Kauffman[1] issued bench warrant for my arrest with "No Voluntary Return, No Cite Release" and $25,000 bail after Plaintiff arrived 20 minutes late to hearing (courtroom locked, lights off). Plaintiff was on time for her hearing at 10AM. Plaintiff was sent to lunch and was told to come back at 1:30 PM and when she returned late and the court simply issued a bench warrant. And this was done even though there is no initial probable cause findings and no showing that I am a flight risk. This is simply retaliatory and likely due to a fabricated case.

9. **Active Bench Warrant:** When Plaintiff was released by Aladdin Bail Bonds, they told her the court date she needed to appear for and made an error. So, there is a new bench warrant that has been issued again. Plaintiff does not want to miss a court date and has tried not to.

10. It is troubling is all of this has happened and again no neutral magistrate has made a finding of probable cause. It is well settled that a defendant has a right to a neutral and detached magistrate

---

[1] Plaintiff uses the term "Magistrate" as under California Law, "A magistrate is an officer having power to issue a warrant for the arrest of a person charged with a public offense." California Penal Code 807

**Declaration in Support of Emergency Temporary Restraining Order Application**

in the first instance (See Ward v. Village of Monroeville). And that magistrate has a duty to examine the evidence to see if probable cause exists. No one has done this. Probable Cause must be determined by a Magistrate and not the Police Officer or the District Attorney. The Supreme Court held that "a prosecutor's responsibility to law enforcement is inconsistent with the constitutional role of a neutral and detached magistrate." In Shadwick v. Tampa 407 US 345 (1972) The Supreme Court stated such similarly that "probable cause for the issuance of an arrest warrant must be determined by someone independent of police and prosecution. Yet that is what we have here.

11.    The classic quote on this point is: "The point of the Fourth Amendment which often is not grasped by zealous officers is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate, instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. US, 333 U. S. 10, 14 (1948).

12.    So, Solano County has hailed me into their county court based on a felony that has no requirement for mens rea with a large amount of conflicting evidence using warrants that have been improperly procured, wrongfully executed, with clear and unchecked discrepancies.

13.    **Pattern of Avoidance**: The actions taken by defendant's represents a systematic pattern of avoiding constitutionally required probable cause hearings by simply not holding them.

14.    July 7, 2025: Arrived on time, waited 2 hours, told to return 1:30 PM, arrived 20 minutes late to locked courtroom, Magistrate Kauffman issued first bench warrant instead of holding probable cause hearing when the hearing that day was for probable cause (See Exhibit B-5).

15.    August 18, 2025: Again late to hearing, Magistrate Kauffman issued second bench warrant instead of holding the probable cause hearing set that day. The Supreme court of the United States: "The probable cause determination, as an initial step in the criminal justice process, may be made by a judicial officer without an adversary hearing" Gersterin v. Pugh, 420 US 103 (1975).

16.    So, the Court chose to issue a bench warrant to arrest plaintiff for being late to a hearing being held over for probable cause that doesn't require plaintiff to be at.

**Declaration in Support of Emergency Temporary Restraining Order Application**

17.    The Court without probable cause and thus without jurisdiction then issued a bench warrant to detain her in lieu of investigating the evidence of the case.

18.    Multiple opportunities for Gerstein compliance systematically ignored by the Court.

19.    The Court and the Prosecutor have simply pressed charges and keep setting new hearings and don't examine evidence nor do they turn over evidence relevant to the case. Plaintiff has not waived time. "*Held:* By indefinitely postponing prosecution on the indictment over petitioner's objection . . . the State denied petitioner the right to a speedy trial guaranteed to him by the Sixth and Fourteenth Amendments" Klopfer v. North Carolina, 386 U.S. 213 (1967)

### III. Numerous Fourth Amendment Violations based on Warrants

20.    Plaintiff has been subject to numerous warrants and they have not been properly used. The errors are numerous and embarrassingly problematic.

21.    There are numerous warrants that are shamefully overbroad. An initial search warrant taken out a few years earlier gave police access to Plaintiff's property to 14 days on 9 October 2018 about six months after I had purchased my property (See Exhibit B-1).

22.    There is no justification for that length of a search. No reason was given to support. No return was sent to plaintiff showing any substantive review of the search warrant. It is not even clear which Magistrate signed the warrant as there is no printed name. (See Exhibit B-1 Last Page).

23.    **Expired Warrant Execution** The Search warrant executed on 5 June 2024, officers executed search warrant dated May 3, 2024—33 days exceeding 10-day statutory limit under California Penal Code § 1534, violating Fourth Amendment (See Exhibits B-2 and B-4).

24.    The search warrant executive on the 5 June 2024 was amazingly overbroad. It gave officers the ability to tear through my house without any restraint and take most anything, break any lock and take any records and just about anything to find evidence of plaintiff harming or torturing her dogs and this was apparently justified because someone found a paralyzed kitten that I am beginning to think the officers brought in themselves. Someone was trying to set me up. Contractors at my property left gates open and allowed some of the dogs to get together and fight.

#### Page 4 of 8

#### Declaration in Support of Emergency Temporary Restraining Order Application

25.     This apparently was part of the genesis of this case and the charges are brought under PC 597 which doesn't have the element of intent. When Plaintiff raised the fact that there needed to be the element of mens rea with a Demurrer, the court summarily denied such and entered a plea of not guilty to garner jurisdiction and they are allowing a non-probable cause case without the need for intent to go forward, which smacks of corruption. And No probable cause was determined.

26.     When plaintiff objected to this and raised the issue of probable cause to the court, in an almost bizarre fashion, the prosecutor Kevin Shok stated that probable cause was not necessarily since the matter was filed as a Felony. More bizarre still is the fact that the Magistrate agreed to it (See Exhibit C-3 three emails from Mr. Warnken to Mr. Shok detailing that comment.)

27.     Plaintiff could make a motion to set these aside, but it appears that all of the magistrates involved in the warrant process have made numerous errors either calculated or uncalculated. How can any one of the judges acting as Magistrates in Solano County sit neutrally in judgment if the mistakes are so common and it looks like they are almost forced to cover for each other? No one can expect a fair hearing and the actions taken by the court against plaintiff in the state court.

28.     **Constitutional Defects**: The bench warrant was issued by Magistrate Kauffman without considering Plaintiff perfect appearance record, substantial community ties, caregiver responsibilities, or lack of flight risk factors, violating due process requirements.

29.     **Humanitarian Emergency**: My arrest would leave 98-year-old mother without essential care, creating immediate health emergency potentially resulting in death.

### IV. Surveillance Camera Placement Violating Fourth Amendment

30.     **Warrantless Surveillance**: March 11, 2024, Defendants installed license plate reader camera on my private property without warrant or consent, which amounts to continuing daily Fourth Amendment violation. It's not clear to plaintiff what data this device is collecting.

31.     **Property Evidence**: Plaintiff provided title insurance map, professional survey, and County surveyor documentation proving property ownership, but Defendants refuse camera removal. (See Exhibits C-4. C-5, and C-6) showing adverse positioning.

**Declaration in Support of Emergency Temporary Restraining Order Application**

## V. Due Process and Brady Violations

32.    **Exculpatory Evidence Withheld**: Despite formal Brady requests (See Exhibit C-1 and C-2) showing explicit discovery requests, Defendants systematically withhold:

33.    Body camera footage showing officer conduct during the raid 5 June 2024.

34.    Veterinary reports of seized animals from the raid on 5 June 2024

35.    Warrant documentation and communications and returns and affidavits that go with the warrants are often if not generally never turned over or only after a very long time. Plaintiff has never seen a copy of the original bench warrant by Magistrate Kauffman, or the return, or the affidavit. Plaintiff has never received the return for the 14 day warrant (See Exhibit B-1).

36.    **Prosecutorial Misconduct**: Deputy DA Shok falsely told court "felony cases don't need probable cause," misrepresenting the constitution and refuses disclosure of evidence location. When I first went to represent myself and handled the Faretta matter, I asked him where the dogs that were taken went and he stated something along the lines that they had turned over a substantial amount of discovery and it wasn't the protocol of his office to turn over more at that time. But that statement was never carved out in Brady v. Maryland, 373 US 83 (1963).

## VI. Disability Mitigation Violations [Federal and State Disability Laws]

37.    **Accommodation Denial**: I retained advocate Michael Warnken to request reasonable accommodations prior to the civil dog hearing on June 19 2024 (Strangely, the hearing was held on Juneteenth, a State/Federal Holiday). Mr. Warnken sent an email to County Attorney Barga (See Exhibit D-3) and created improper process requiring disclosure of confidential medical information to Officer Speakman who had just raided my property. She used that to prevent me from having disability accommodations and then perversely stated in a responsive email that "the County remains committed to complying with the provisions outlined in the Americans with Disability Act (ADA)." When she stripped me of my disability rights and accommodations!"

**Declaration in Support of Emergency Temporary Restraining Order Application**

38.    **Constitutional Conflict**: When Plaintiff exercised Fifth Amendment right to remain silent with adverse officer, Defendants claimed Plaintiff "didn't need accommodations" and effectively blocked and denied Plaintiffs right to all reasonable and relevant accommodations.

39.    **Mr.** Warnken made another motion for disability accommodations (See Exhibit D-2) and I turned it into the court when I went to reconsider my accommodations and it was ignored.

### VII. Retaliation Pattern

40.    **Timeline of Retaliation**: Following my successful 2017 appeal of adverse ruling in state court, Defendants escalated enforcement through permit harassment, surveillance installation, and criminal prosecution directly correlating with protected First Amendment activities. This is all detailed in my civil complaint which is on file with the court and I am amending and shortening.

41.    **Ongoing Violations**: Each day constitutional violations continue through maintained surveillance, withheld evidence, and prosecution based on expired warrant evidence.

42.    Sadly, there is much that can be added to this defendants keep working to harm plaintiff in an ongoing manner. This seems to be coordinated through the County Attorney's office since it represents all the agencies that are attacking or ignoring their duties to protected or observes plaintiffs various rights. Plaintiff has done her best to fight in the manner she able through litigation, but this octopus that the defendants have been which crosses Political boundaries from one brach of government to the next has too many arms and plaintiff has to seek this extreme relief.

### VIII. Notice Efforts Pursuant to Local Rule 231(a)

43.    **Notice Provided**: Prior to filing, I provided actual notice to Defendants:

44.    Telephonic notice to Solano County Counsel at (707) 784-6140 on **29 August 2025** informing of emergency TRO intent.

45.    Email notice to jabarga@solanocounty.com on **[date]** describing relief sought.

46.    Emergency justification explained: Active warrant with elderly care crisis.

47.    **Urgency Justified**: Limited notice warranted due to active bench warrant that could execute at any moment, leaving vulnerable dependent without care.

**Declaration in Support of Emergency Temporary Restraining Order Application**

## IX. Verification

I declare under penalty of perjury that I have read the foregoing and the contents are true and correct to the best of my knowledge, information, and belief. All attachments are true and correct copies of what they purport to be. Executed in Solano County California

Dated _____ September 2025 X _____

**Susan Brashear Anthony**

## X. Certificate of Compliance with Local Rule 231(a)

I hereby certify under penalty of perjury that:

**Actual Notice Provided**: Defendants received actual notice by telephone and email as detailed in supporting declaration.

**Emergency Justification**: Active bench warrant with elderly care crisis made advance written notice impracticable.

**Immediate Risk**: Delay for additional notice would result in irreparable constitutional harm and life-threatening emergency for 98-year-old dependent.

Respectfully submitted,

Dated _____ September 2025 X _____

**Susan Brashear Anthony**
Self-Represented
900 Carolina Street
Vallejo California [94590]

Page **8** of **8**

**Declaration in Support of Emergency Temporary Restraining Order Application**

# District Court of the United States

| | |
|---|---|
| **Plaintiff Susan Brashear Anthony** | ) |
| | ) |
| **versus** | ) |
| | ) |
| **Defendants County of Solano, Napa &** | ) **Case 2:25-cv- 02248** |
| **Contra Costa Counties, Magistrates** | ) |
| **Christine Carringer, Kelly Trujillo, Jeffrey** | ) |
| **Kauffman, William Pendergast III &Julie** | ) |
| **Conger, Jason Speakman, Julie Barga,** | ) |
| **Kevin Shok, & 1-100 Does.** | ) |

**Exhibit List in Support of Emergency Temporary Restraining Order**

# Table of Exhibits and Attachments

## Exhibit                          Attachments

**Exhibit A Series**                          **Plaintiffs Dependents**

Exhibit A-1            Dependent 98 Year Old Mother Vision Assessment

Exhibit A-2            Power of Attorney of David Lovejoy

Exhibit A-3            Representation of David Lovejoy


**Exhibit B Series**                          **Warrant Issues**

Exhibit B-1            09 Oct 2018 14 Day Inspection Warrant

Exhibit B-2            03 May 2024 Search Warrant by Magistrate Trujillo

Exhibit B-3            05 June 2024 Itemization of 17 Dogs taken by Animal Control

Exhibit B-4            10 June 2024 Return by Pendergast

Exhibit B-5            07 June 2025 First Bench Warrant issued. Jailed from 11th to 14th.

Exhibit B-6            18 Aug 2025 Second Bench Warrant Affidavit &/or Minute Order

**Exhibit List in Support of Emergency Temporary Restraining Order**

| **Exhibit C Series** | **Brady & Due Process Violations** |
|---|---|
| Exhibit C-1 | 24 April 2025 Filed for Discovery First . |
| Exhibit C-2 | 07 July 2025 Filed for Discovery Second Time . |
| Exhibit C-3 | 19 & 20 June 2025 ADA Advocate Warnken Emails to Mr. Shok. |
| | It details Mr. Shok's statements of not needing probable cause. |
| Exhibit C-4 | Picture of Surveillance Camera placed on Plaintiffs property. |
| Exhibit C-5 | 18 Jan 2024 Encroachment Permit for Surveillance Camera issued. |
| | Camera installed on 3 March 2024. |
| Exhibit C-6 | Survey of Plaintiffs Property showing ownership of property. |

| **Exhibit D Series** | **ADA and Disability Violations** |
|---|---|
| Exhibit D-1 | 18 June 2024  Warnken Email to Julie Barga and her Response. |
| Exhibit D-2 | 1 Aug 2024 case before Judge Gizzi ADA Request (Ignored). |
| Exhibit D-3  . | 2 Sep 2025 Warnken Affidavit on disability violations. |

**Verification**

I declare under penalty of perjury that I have read the foregoing and the contents are true and correct to the best of my knowledge, information, and belief.  All attachments are true and correct copies of what they purport to be. Executed in Solano County California

Dated _____ September 2025 X _____ _____

**Susan Brashear Anthony**
Self-Represented
900 Carolina Street
Vallejo California [94590]

Page **2** of **2**

**Exhibit List in Support of Emergency Temporary Restraining Order**

# District Court of the United States

Plaintiff Susan Brashear Anthony )
                              )
       **versus** )
                              )
Defendants County of Solano, Napa & )    **Case 2:25-cv- 02248**
Contra Costa Counties, Magistrates )
Christine Carringer, Kelly Trujillo, Jeffrey )
Kauffman, William Pendergast III &Julie )
Conger, Jason Speakman, Julie Barga, )
Kevin Shok, & 1-100 Does. )

## Order

### [PROPOSED] EMERGENCY TEMPORARY RESTRAINING ORDER

      Having considered Plaintiff's Emergency Application for Temporary Restraining Order, supporting declarations, and exhibits; having found that extraordinary circumstances warrant federal intervention under Pullum v. Allen, 466 U.S. 522 (1984); and having found systematic violations of clearly established federal constitutional law requiring immediate relief;

IT IS HEREBY ORDERED:

### I. EMERGENCY BENCH WARRANT STAY

WARRANT EXECUTION STAYED: Execution of the bench warrant issued by Solano County Superior Court against Plaintiff Susan Brashear Anthony on August 18, 2025, is hereby STAYED pending further order of this Court or compliance with federal constitutional requirements.

ARREST PROHIBITION: Defendants County of Solano, Magistrate Kauffman, their agents, officers, employees, and all persons acting in concert with them are hereby ENJOINED from arresting, detaining, or otherwise restraining Plaintiff's liberty based on said bench warrant.

PULLUM v. ALLEN CONSTITUTIONAL BASIS: This stay is necessary under Pullum v. Allen, 466 U.S. 522 (1984), to prevent ongoing violation of clearly established federal due process rights requiring probable cause determination under Gerstein v. Pugh, 420 U.S. 103 (1975).

## II. PROBABLE CAUSE HEARING MANDATE

GERSTEIN COMPLIANCE REQUIRED: Before any arrest or detention of Plaintiff may occur, Defendants must comply with federal constitutional requirements by:

a) Conducting a proper probable cause hearing as mandated by Gerstein v. Pugh, 420 U.S. 103 (1975);

b) Having a neutral and detached magistrate make an independent probable cause determination based on evidence presented;

c) Making findings on the record regarding the existence or absence of probable cause;

d) Providing constitutional due process protections required by federal law.

## III. LIMITED FOURTH AMENDMENT RELIEF

SURVEILLANCE REMOVAL REQUIRED: The warrantless surveillance camera installed on Plaintiff&#39;s private property at 428 Banning Way shall be REMOVED within 72 hours as it violates clearly established Fourth Amendment rights under Carpenter v. United States, 138 S. Ct. 2206 (2018).

FUTURE SURVEILLANCE PROHIBITED: Defendants are hereby ENJOINED from installing or maintaining surveillance equipment on Plaintiff&#39;s private property without:

☐ Valid search warrant based on probable cause; or

☐ Plaintiff&#39;s written consent; or

☐ Specific court order based on constitutional justification

## IV. EVIDENCE PRESERVATION

IMMEDIATE PRESERVATION REQUIRED: Defendants shall preserve all evidence relevant to probable cause determination and federal constitutional claims including:

a) All body camera footage from June 5, 2024 incident and subsequent encounters

b) All witness statements and interviews

c) All warrant applications, affidavits, and supporting materials

d) All veterinary reports regarding seized animals e) All surveillance data and recordings

## V. HUMANITARIAN EMERGENCY PROTECTION

ELDERLY CARE CRISIS: The Court finds that Plaintiff's detention would create humanitarian emergency as she serves as sole caregiver for her 98-year-old mother requiring daily assistance with basic life activities.

FLIGHT RISK ANALYSIS: Any future detention decisions must consider:

□ Plaintiff's perfect attendance at all required court appearances

□ Substantial community ties including business ownership

□ Caregiver responsibilities for disabled dependents

□ Absence of factors indicating flight risk

## VI. LEGAL FINDINGS UNDER PULLUM v. ALLEN

PULLUM v. ALLEN EXTRAORDINARY CIRCUMSTANCES ESTABLISHED:

The Court finds the exceptional situation contemplated in Pullum v. Allen, 466 U.S. 522 (1984), where federal intervention is required due to systematic state court violations of clearly established federal constitutional law:

PATTERN OF GERSTEIN AVOIDANCE: The state court has engaged in a deliberate pattern of avoiding federally mandated probable cause hearings:

☐ July 7, 2025: Magistrate Kauffman failed to hold probable cause hearing, issued bench warrant instead

☐ August 18, 2025: Magistrate Kauffman again avoided probable cause hearing, issued second bench warrant

☐ Multiple opportunities provided to comply with Gerstein v. Pugh, systematically ignored

☐ Court chose punitive bench warrants over constitutionally required probable cause determinations

SYSTEMATIC CONSTITUTIONAL NULLIFICATION: Under Pullum v. Allen, federal intervention is warranted when state proceedings &quot;work a patent and fundamental destruction of a constitutional right.&quot; 466 U.S. at 529. Here, the state court has:

☐ Converted constitutionally required probable cause hearings into punitive warrant issuance

☐ Repeatedly chosen to punish rather than adjudicate probable cause

☐ Created a system where citizens face detention without constitutional protections

☐ Established a pattern that effectively nullifies Gerstein v. Pugh protections

IRREPARABLE HARM: Constitutional violations combined with humanitarian emergency establish irreparable harm not compensable by monetary damages under Elrod v. Burns, 427 U.S. 347 (1976).

VII. PROCEDURAL PROVISIONS

PRELIMINARY INJUNCTION HEARING: A hearing on Plaintiff's Motion for Preliminary Injunction is scheduled for _____, 2025, at _____ AM/PM in Courtroom _____.

RESPONSE DEADLINE: Defendants shall file responses no later than _____, 2025.

COMPLIANCE REPORT: Defendants shall file compliance report within 5 days documenting:

☐ Actions taken regarding bench warrant stay

☐ Steps taken to preserve evidence

☐ Removal of surveillance equipment

☐ Any probable cause hearing scheduled or compliance with Gerstein requirements


## VIII. ENFORCEMENT AND DURATION

EFFECTIVE IMMEDIATELY: This Order is effective upon entry and shall be served forthwith on all named Defendants.

DURATION: This Temporary Restraining Order remains in effect until _____, 2025, at 11:59 PM, unless extended, modified, or dissolved by further order.

SECURITY WAIVED: Security requirements under Fed. R. Civ. P. 65(c) are waived due to the constitutional nature of Plaintiff's claims.

CONTEMPT WARNING: Violation of this Order may result in contempt proceedings and appropriate sanctions.

IT IS SO ORDERED.


Dated: _____ September 2025        _____

UNITED STATES DISTRICT JUDGE

# Exhibit A Series
# Plaintiffs Dependents

# The Permanente Medical Group, Inc.

### ADULT & FAMILY MEDICINE 8 ANX
### 975 SERENO DRIVE
### VALLEJO CA 94589-2441
### Dept: 707-651-1025
### Main: 707-651-1000

August 28, 2025

Margaret L Anthony
838 Carolina St
Vallejo CA 94590

To whom it may concern,

My patient, Margaret Anthony, has vision problems that is being followed by her ophthalmologist. Due to her vision impairment, she is dependent on her daughter, Susan Brashear Anthony, as her caregiver.

Sincerely,

Dr Lee

BECKY LEE, MD
975 SERENO DRIVE
VALLEJO, CA 94589
CAL LIC #A76692

# *GENERAL POWER OF ATTORNEY*

I, DAVID LOVEJOY, residing at 900 CAROLINA AVE, VALLEJO , California 94590, hereby appoint SUSAN BRASHEAR of 900 CAROLINA STREET, VALLEJO, California 94590, as my Attorney-in-Fact ("Agent").

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

1. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

2. Purchase and/or maintain insurance, including life insurance upon my life or the life of any other appropriate person.

3. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

4. Enter into binding contracts on my behalf.

5. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, or other investments.

6. Maintain and/or operate any business that I may own.

7. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate agents.

8. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future.

9. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

   a. Prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies.



Initials: D L

STATE OF CALIFORNIA - HEALTH AND WELFARE AGENCY                                     DEPARTMENT OF SOCIAL SERVICES

## AUTHORIZED REPRESENTATIVE

JUNE 29, 19 99

State of California
Department of Social Services
744 P Street, M.S. 19-37
Sacramento, California 95814

I, David Arnold Lovejoy
(Name)                                                                                of

900 Carolina St                          Vallejo    CA    94590
(Address)                                              (City and Zip)

California, have requested    Susan Anthony Brashear
(Name)

900 Carolina St                          Vallejo        94590
(Address)                                              (City and Zip)

to act on my behalf in my appeal regarding my application for and/or receipt of

health and welFare.
(Aid)

I hereby authorize your department to release any or all information pertaining thereto to

Susan Anthony Brashear
(Name)

Susan Brashear Anthony

Signed _David A Lovejoy_

_David A Lovejoy_

February 18, 2016

DPA 19.7 921

# Exhibit B Series
# Warrant Issues

7

1    DENNIS BUNTING, State Bar No. 055499
     County Counsel
2    AZNIV DARBINIAN, State Bar No. 197787
     Assistant County Counsel
3    DANIEL M. WOLK, State Bar No. 238349
     Deputy County Counsel
4    Office of the County Counsel
     675 Texas Street, Suite 6600
5    Fairfield, CA  94533
6    Telephone:  (707) 784-6140
     Facsimile:  (707) 784-6862
7
     Attorneys for Petitioner County of Solano,
8    Sheriff's Office, Animal Care Division

**ENDORSED FILED**
Clerk of the Superior Court

OCT 0 9 2018

C. DAVIS

By_____
         DEPUTY CLERK

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF SOLANO

12

13                                   )    Case No.  MISC0526
                                     )
14   IN RE THE MATTER OF:            )    **INSPECTION WARRANT**
                                     )    **[CCP § 1822.50]**
15   428 BANNING WAY                 )
     APN: 0071-260-050               )
16                                   )
     VALLEJO, CALIFORNIA    )        )
17                                   )
     _____)

18

19                       __INSPECTION WARRANT__

20   The People of the State of California, to the Solano County Sheriff's Office, Animal Care

21   Division, or designee:

22        Upon good cause shown to the Court,

23        **YOU ARE COMMANDED TO CONDUCT AN INSPECTION**, as authorized by

24   Section 1822.50 of the Code of Civil Procedure and the provisions of Chapter 7 of the Solano

25   County Code, of the premises identified as Assessor's Parcel Number 0071-260-030, located at

     428 Banning Way in the unincorporated portion of the County of Solano, State of California.

WARRANT                              1
428 BANNING WAY

[Stamp: CONTROLLED DOCUMENT
Solano County Sheriff's Office
Deputy Sheriff authorized by
Sheriff THOMAS A. FERRARA
SLPC

To: CC FDA VDA PROB PATROL
INV OTHER: Susan Anthony]

1      **YOU ARE AUTHORIZED TO ENTER** the property, including all buildings and

2  structures including the residence on the property, to inspect and determine whether the

3  property owner is owning and/or operating a kennel without a license in violation of Section 4-

4  80, *et seq.*, of the Solano County Code, and owning and/or possessing dogs without a license in

5  violation of Section 4-130, *et seq.*, of the Solano County Code.  You may reenter the property as

6  many times during the next fourteen (14) days as is reasonably necessary to complete the

7  inspection.  The inspection authorized shall be conducted between the hours of 8:00 a.m. and

8  6:00 p.m. of any day.  This inspection shall be conducted pursuant to the general provisions of

9  the Code of Civil Procedure section 1822.56.

10      The Court specifically authorizes that employees of the Solano County Sheriff's Office,

11  Animal Care Division, and other deputies with the Solano County Sheriff's Office, may

12  participate in the inspection.

13      This warrant is effective from the date and time signed for a period not to exceed

14  fourteen (14) days, and it shall be returned to the judge whose signature is affixed below.

15

16

17  Dated: _____10|9|18_____

18                                **JUDGE OF THE SUPERIOR COURT**

19

20

21

22

23                                     Solano County Sheriff's Office

                                   CONTROLLED DOCUMENT

.24                                  Released By S. JONES, SLPC

25                                     MAR 1 3 2019

                                   To: CC FDA VDA PROB PATROL

                                   INV OTHER: Susan Anthony

**WARRANT**                             2
**428 BANNING WAY**

9

**SOLANO COUNTY SHERIFF'S OFFICE**
**ANIMAL CONTROL SERVICES**
530 UNION AVENUE, SUITE 100
FAIRFIELD, CA. 94533
(707) 784-7000

**ABATEMENT NOTICE**

| COPIES TO: | | |
|---|---|---|
| ☐ PAT | | |
| ☐ RISK MANAGEMENT | | |
| ☐ COUNTY COUNCIL | | |
| ☐ OTHER | | |

CASE NO.
CR 18-5032  PAGE 1

RPT DEV CODE   RD 186

CONTINUATION OF:
☐ CRIME   ☐ RABIES CONTROL
☐ ARREST   ☐ OTHER
☐ UTILITY

CODE: V – VICTIM  W – WITNESS  R – REPORTING PARTY  S – SUSPECT  L – INVESTIGATIVE LEAD  I – INFORMANT  O – OTHER

**INCIDENT**

CODE SECTION(S) See below
TYPE OF INCIDENT

LOCATION (Be Specific) 428 Banning Way, Vallejo
OCCURRED ON / OR BETWEEN  DATE   DAY   TIME

FIRM NAME (at location)   DATE RP'TD   TIME RP'TD   DATE   DAY   TIME

**PERSON**

CODE S  NAME (Last, First Middle) Susan Brashear Anthony  SEX F  RACE  D.O.B. 100961  AGE 61  HGT   WGT   HAIR   EYES   OCCUPATION

RESIDENCE ADDRESS 428 Banning Way   CITY Vallejo   STATE CA   DL NUMBER / STATE N3742982/CA   RES. PHONE (707)642-7332

BUSINESS NAME AND ADDRESS   CITY   WORK PHONE (707)980-0915

**NOTICE TO ANIMAL OWNER**

NOTICE ISSUED/POSTED AT 428 Banning Way   CITY Vallejo   DATE ISSUED/POSTED 100918   TIME ISSUED/POSTED 1250

ANIMAL #1 DESCRIPTION   COLOR   SEX   ANIMAL #2 DESCRIPTION   COLOR   SEX

| VIOLATION / DESCRIPTION | CODE SECTION |
|---|---|
| ☐ PROPER CARE OF ANIMAL (See reverse for remedial information) | PC 597 et seq. |
| ☐ ANIMAL RUNNING AT LARGE (See reverse for remedial information) | |
| ☐ ANIMAL NUISANCE – NOISE (See reverse for remedial information) | |
| ☐ LICENSING OF DOGS (See reverse for remedial information) | |
| ☐ OVER-LIMIT OF ROOSTERS (See reverse for remedial information) | |
| ☐ | |
| ☐ | |
| ☐ | |

Dear Animal Owner:

☐ You are receiving this notice due to the violation noted above.  Future violation is subject to citation.

☐ We received a complaint about your Animal(s) for the above violation.  Please correct the circumstances by _____.  Failure to correct the infraction is subject to prosecution.

☐ Please contact _____ at (707) 784-4733, option #2.

☐ The above animal was taken into custody.  If the animal belongs to you, contact ☐ Solano County Animal Care Shelter located at 2510 Claybank Rd. Fairfield, CA 94533 or ☐ Humane Society of the North Bay, 1121 Sonoma Blvd, Vallejo CA 94591.

NOTES:  24 hr notice - service of inspection warrant
Copy of warrant attached.

CONTROLLED DOCUMENT
Released By S. JONES, SLPC

MAR 13 2019

Solano County Sheriff's Office

Signature of receipt:

☒ Not home to sign, Notice Posted at Door

INV OTHER: Susan Anthony

Last Revised: 061613

| REPORTING OFFICER / ID# | DATE | REVIEWED BY / ID# | DATE | SUP. AT SCENE | ENTERED R&S BY: |
|---|---|---|---|---|---|
| Giatto /15U | 100918 | | | | |

# SUPERIOR COURT OF CALIFORNIA
## County of Solano



## SEARCH WARRANT AFFIDAVIT

Warrant # SW24-0399

**Sergeant Jason Speakman**, swears under oath that on the basis of the information contained within this **Search Warrant and Affidavit** and the attached and incorporated Statement of probable cause, he has probable cause to believe and does believe that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is now at the location(s) set forth below.

Wherefore, Affiant requests that this Search Warrant be issued.

_____
(Signature of Affiant)

| SEALING ORDER REQUESTED: | ___ YES | X | NO |
| NIGHT SEARCH REQUESTED: | ___ YES | X | NO |

Reviewed via email by DDA Bruce Flynn
_____          05/31/2024
(Reviewing Deputy District Attorney)              (date)

### (SEARCH WARRANT)

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY PEACE OFFICER IN THE COUNTY OF SOLANO:** proof by affidavit, having been this day made before me by **Sergeant J. Speakman** that there is probable cause to believe that the property and/or things and/or person(s) described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code §1524 as indicated below by ☒ (s) in that:

☐ When the property was stolen or embezzled

☒ the property or thing(s) were used as the means of committing a felony.

☐ When the property or things are in the possession of any person with the intent to use them as a means for committing a public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery.

☒ When the property or things to be seized consist of an item or constitute evidence that tends to show that a felony has been committed or tends to show that a particular person has committed a felony.

☐ the property or thing(s) tends to show that sexual exploitation of a child, in violation of Penal Code § 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years in violation of Penal Code § 311.11 has occurred or is occurring.

☒ There is a warrant to arrest a person.

**YOU ARE THEREFORE COMMANDED TO SEARCH:**

The premises located at 428 Banning Way City of Vallejo, County of Solano, State of California. The property is located on the eastside of Banning Way approximately mid-block between Benicia Road and Hargus Ave. The property has a new redwood fence being installed along the roadway. The mailbox and property numbers have been removed for the fence installation. The gate has a decorative arch above with a upside down horseshoe in the center along with a cactus and a tree. The entire property is fenced with a combination of redwood and wire fencing. The interior of the property is subdivided into smaller pens by wire fencing. The residence is a single-family home and is located just east of east of Banning. The residence is a tan two story house with gray roof and gray trim. The front door has street access from a covered walkway with a small pedestrian gate. The vehicle entrance to the property is a green swing gate border by redwood fencing and the archway just north of the main residence.

Please see Appendix A for legal description

The search is to include all rooms, attics, basements, and all other parts therein as well as the surrounding grounds or curtilage, storage rooms, or outbuildings of any kind located on the premises. The search will also include all vehicles in the immediate vicinity of the Subject Premises that can be connected to the property by one of more of the following: paperwork, registration, keys and/or verbal claim of ownership by residents at the involved location. Sergeant Speakman and/or those under their direction are authorized during the execution of this search warrant to video tape, photograph, take digital images such as 3-D mapping images, and collect any measurements of physical items within the location at the discretion of the searching officers both inside and outside of the location. These images or recordings may include any and all items, vehicles at the location, and all persons present at the location during the period of execution of this search warrant.





**THE FOLLOWING PERSON(s):**

Anthony, Susan Brashear: DOB 10/03/1957, CA driver license # N3742863, WFA, 5'05", 145 lbs, gray hair, and hazel eyes.

**FOR THE FOLLOWING PROPERTY, THING(S) or PERSON(S):**

Any items tending to establish the identity of persons who have dominion and control of the location, premises, automobiles, or items to be seized, including delivered mail, whether inside the location or in the mail box/s, bills, utility bills, telephone bills, miscellaneous addressed mail, personal letters, personal identification, purchase receipts, rent receipts, sales receipts, tax statements, payroll check stubs, keys and receipts for safe deposit box(s), keys and receipts for rental storage space, keys and receipts for post office box or mail drop rentals, ignition keys, car door and trunk keys, vehicle ownership certificates or "pink slips," and/or vehicle registration slips, recordation of voice transmissions on telephone answering machines, audio tapes and telephone message receipt books, and written phone messages, and photographs tending to show occupation of the residence / business and connection between co-conspirators, whether identified, or unidentified, also cell phones which will document telephone numbers of co-conspirators, and if found, to activate the cell phones' display mechanism and to obtain messages and information from the cell phones, answering machines, tape recorders, and any other recording devices, and to play such devices to obtain their messages. Any examples of handwriting including letters, address books, business records, canceled checks, notes, and/or lists.

All dogs identified as California Carolina Dogs, which can be described as: Medium sized dog approx.. 18 to 20 inches at the shoulder and 30-55 pounds. They have pointed ears, a fox like snot and their tails curve like a fishhook. They are tan to a light red with light shades of color. The dogs are also none as the "American Dingo and are none as social pack animals and are considered pack dogs.

For any living dogs that appear sick, injured or neglected.
For any deceased dogs.

Peace Officers or assigned representatives are authorized, during the execution of this Search Warrant, to video tape, photograph, and/or take digital images of the scene and surrounding area(s), take measurements and make sketches of the residence and adjacent areas; and to seize and collect suspected blood and other physiological fluids; hair and fibers; bodily tissues, fingerprints, footprints, other impressions, other pieces of evidence mentioned and left at 428 Banning Way. To including any rooms, basements, attics, storage spaces, sheds and compartments, vehicles, appurtenant buildings, the surrounding grounds and curtilage, trailers both enclosed and open, and all containers therein and thereon.

Any items tending to show evidence that the responsible maliciously and intentionally maimed, tortured, or wounded a living animal.

**Surveillance Systems:** Seizure of Surveillance Systems that may be comprised of cameras connected to a Digital Video Recorder (DVR) or a computer with connected cameras used as surveillance system, and local physical hardware associated to cloud based camera systems consisting of cameras, hubs, wireless routers, storage media such as hard drives and flash media, and any associated sensors. This order is strictly for the seizure of surveillance systems; a separate warrant authorization is required for any extraction or viewing of data contained within seized devices.

**Documentation:** Any written or digital veterinarian records related to Carolina Dogs. Including but not limited to vaccination records, treatment records, birth records, prescribed medication, euthanasia, disposal of deceased animal, x-rays.

## AUTHORIZED COURT ORDERS

**Authorization to implement special procedure(s):** The Affidavit filed herewith has demonstrated legal justification for the implementation of the following special procedures which shall be employed by the officers who execute this warrant:

**Locked Container Access ORDER**

IT IS HEREBY ORDERED that Investigators of the Solano County Sheriff's Office or law enforcement agency tasked with the service of this warrant are authorized to force entry into locked containers such as safes, secured out buildings, garbage bins, Conex boxes, or other locked containers found on the scene that cannot be opened by occupants on scene.

**AND TO SEIZE IT / THEM IF FOUND** and bring it / them forthwith before me, or this Court, at the courthouse of this Court. This **Search Warrant** and **Affidavit,** and attached and incorporated **Statement of Probable Cause** were sworn to as true and subscribed before me on this ___3rd___ day of __May__, **2024** at ___7:33__ **A.M. /P.M.**

Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_____
(Signature of Magistrate)

SEALING ORDER APPROVED:    ___ YES  ✓ NO
NIGHT SEARCH APPROVED:    ___ YES  ✓ NO

Judge of the Superior Court of California, County of Solano

Kelly J. Trujillo
_____
(Magistrate's Printed Name)



**SOLANO COUNTY SHERIFF'S**
530 UNION AVE., STE 100
FAIRFIELD, CA 94533
PROPERTY/EVIDENCE  707-784-7019

**FIELD PROPERTY RECEIPT**

CASE NO: _24- 0167_

OFFICER: _SPEALMAN_

DATE: _06/05/24_

| ☐ Safekeeping | ☐ Found Property | ☒ Search Warrant | ☐ Evidence |
|---|---|---|---|
| ☐ Domestic Violence 18250PC | ☐ 5150/8102 W&I | ☐ Destruction Only | ☐ Stolen/Embezzled |

| CODE NO: | DESCRIPTION (include make, model, color, etc.) | SERIAL NO. |
|---|---|---|
| JS 4 | 17 Two Carolina Dogs | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ **PROPERTY RELEASE:** I certify I have received from the Solano County Sheriff's Office the above property. Pursuant to California Penal Code 1413 (b), I certify under penalty of perjury, that I am the legal owner of, or authorized to receive, the above-described property.

_____    _____    _____
Recipient Name (Please Print)         Recipient Signature              Date Received

☐ **FOUND PROPERTY:** I declare under penalty of perjury, that the listed items were found, that all items found have been surrendered and I do not know the identity of the true owner.

☐ Finder wishes to claim found property after 90 days.  ☐ Finder DOES NOT want the property.

☒ **NOTIFICATION OF RIGHTS:** This form constitutes notification of your rights according to law. Your signature below is not an admission of responsibility but indicates that you have received a copy of this notice. Please review the back of this sheet for an explanation of your rights.

_Susan    Anthony_    _____    _6/5/24_
         Printed Name                          Signature                            Date

Original - Records Bureau
Copies - Property Bureau and Citizen      PAGE _1_ OF _1_

Solano County Sheriff's Office
CONTROLLED DOCUMENT
Released by: _____    Rev (11/21)

JUN 1 5 2024

To: CC  FDA  (VDA)  Prob  Patrol
Inv Other: _____

04/02/2025  000016

# SUPERIOR COURT OF CALIFORNIA
## County of Solano

ENDORSED FILED
Clerk of the Superior Court

JUN 10 2024

By: _____
DEPUTY CLERK

## SEARCH WARRANT RETURN
### and
## INVENTORY

Search Warrant No. SW24-0399

Address of place searched:    428 Banning Way, Vallejo

Issuing Magistrate: Kelly J. Trujillo

Name of affiant: Sergeant Jason Speakman

Date warrant issued: June 3rd, 2024

Date warrant executed: June 5th, 2024

Manner of warrant service:   X Personal service    ☐ Mail    ☐ Fax

I, the affiant for this search warrant, state the following:

(1) The information listed above is correct.

(2) During the execution of the search warrant, the following property was seized:

See attached property sheet.

I declare under penalty of perjury that the foregoing is true.

Date: ___6/10/2024___

06-10-24

Affiant _____

Judge of the Superior Court

William Pendergast, Dept. 11

Penal Code § 1537

Solano County Sheriffs Office
CONTROLLED DOCUMENT
Released by: _____

JUN 1 5 2024

# Exhibit C Series
# Brady/Due Process Violations

# Superior Court of California
# In the County of Solano
# Criminal Division

**Petitioner Susan B.
Anthony**

versus

**Respondent The People of
the County of Solano**

Case No.:

F25-00692

### Request for all Discovery

Petitioner hereby seeks all discovery relevant in this case and this includes all evidence (Items and Statements) that generally shows she did the crime or evidence that is exculpatory in nature. This request is made under the authority of Brady v. Maryland 373 U.S. 83 (1963).

Respectfully submitted,

Dated April 22, 2025    X_____

**Susan Brashear Anthony**

ALISSA MARIE
SILVEIRA-CARPENTER
Notary Public  California
Solano County
Commission # 2389120
My Comm Expires Sep 30, 2028

See Attached
4/22/25

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Solano

On 04/22/25 before me, Alissa Marie Silveira-Carpenter Notary Public
(Here insert name and title of the officer)

personally appeared Susan Brashear Anthony

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is are subscribed to the within instrument and acknowledged to me that he she they executed the same in his her their authorized capacity(ies), and that by his her their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

---

## ADDITIONAL OPTIONAL INFORMATION

### INSTRUCTIONS FOR COMPLETING THIS FORM

### DESCRIPTION OF THE ATTACHED DOCUMENT

Discovery Request
(Title or description of attached document)

Number of Pages 3 Document Date 04/22/25

(Additional information)

### CAPACITY CLAIMED BY THE SIGNER

- Individual(s)
- Corporate Officer
  _____
  (Title)
- Partner(s)
- Attorney-in-Fact
- Trustee(s)
- Other _____

2015 Version www.NotaryClasses.com 800-873-9865 www.NotaryClasses.com

## PROOF OF SERVICE

I, the undersigned, declare as follows

1  I am over the age of 18 and not a party to this action
2  My residence or business address is  638 Oakwood Ave. Vallejo, CA. 94591
3  I served the following document(s)

Superior Court of California

Susan B. Anthony Petitioner Solano County District Attorney Respondent

Initial Request for Discovery for Case #  F 25-00692

## METHOD OF SERVICE

✓___ BY PERSONAL SERVICE  I hand delivered the above documents to the persons listed below on the date signed below

## SERVICE LIST

Brian Taylor Chief Administrator           Krishna Abrams
Superior Court of California                Solano County District Attorney's Office
In the County of Solano                     675 Texas Street, Suite 4500
530 Union Avenue Fairfield, CA 94533        Fairfield CA 94533-6340
                                            SolanoDA@solanocounty.com

Executed on [Date]  4/24/25 In Solano County, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct

MICHAEL A. PARKER
(Type or Print name of Declarant)          (Signature of Declarant)

# Susan B. Anthony Enterprises

**07 July 2025**

Superior Court of California
County of Solano
600 Union Avenue
Fairfield California [94533]

District Attorney Abrams
County of Solano
675 Texas Street Suite 4500
Fairfield California [94533]

Re:   Petitioner Susan B. Anthony
Respondent District Prosecutor
Of Solano County California
Case: F25 – 00692
**Second Discovery Request**

To the Court and the District Attorney of Solano County,

     I raised this verbally in the hearing on the record in court, but will re-iterate here as well. Since it appears that I am a target of the prosecution in this case and it appears that evidence is being marshaled against me. I need to make the following request for discovery. This is a generally request made based on the US Supreme Court which stated "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 US 83, 87 (1963).

     I specifically request the following:

1. What happen to the 17 or so of my Dogs that were taken on June 5 2024? Are they alive or have they been killed. I need to know the status of each. Have they been euthanized? Has the unconsciable happened where the police have taken my dogs and then the prosecution euthanized my dogs and are you now accusing me of abusing my dogs.

2. Where are the dogs now (either alive or not).

3. I ask again for all body camera footage from all the Officers that entered my property on June 5 2024. I already requested this, but I am asking again. Also, all photographs that relate to my dogs both on the date the warrant was served. and follow up.

4. All Reports and pictures, vet reports on my Dogs. There was a vet at the raid, I want her report and what it said. I want information consistent with the warrant that says that the dogs that were neglected need to be taken.

5. All information from the camera device set up on my property. It appears to be owned by a company called "Flock Safety." I want all pictures and data from it.

6. I would like to know the amount of research that has been done by the prosecution on this specific type of dog as it relates to their behaviors and the need for this criminal action.

7. I first asked for all discovery in April and none of it has been turned over. I ask this to be treated as an ongoing request.

With regard to turning over the discovery that has been requested. This information was requested verbally on the date that the criminal complaint was first turned over, which I believe was on the 16th of June 2025. What is the status of the dogs. Mr. Shok had stated that he had turned over discovery and said that it was a matter of protocol that he not turn this information over. I guess. I would like to know right now what the status of the dogs are. If they are dead, why other than not wanting to show their actions for what they are would they not tell me.

The camera footage was requested some time ago.

Dated: 07 July 2025

Sincerely yours,

Susan B. Anthony

Susan B. Anthony

(707) 980-0915 1 428 Banning Way Valley California [94591] 1 sueccdogs@comcast.com

**From:** Upstanding Person <upstanding.person@gmail.com>
**Date:** June 20, 2025 at 4:57:33 PM PDT
**To:** kmshok@solanocounty.gov
**Cc:** Susan B Anthony <sueccdogs@comcast.net>, "David M. Greenwald"
<info@davisvanguard.org>
**Subject: Re: Susan B Anthony <sueccdogs@comcast.net>**

Mr. Shok,

     This is informational. Susan was out the prosecutors office door and she handed the two Demurrer pleadings and that person refused to stamp and counter stamp the document. So, you guys might need some training there because the duty of your office and the officers in your office is not to deny filings like that. Apparently she gave it to another person who took it, but didn't give her a file stamp. I expect you to claim it wasn't served. But we did. A copy was sent to the court and the DA's office. I will publish it online as well. I want people to read this stuff. The shame of what you have been part of should be known by as many people as can read about it. You said Probable Cause was not needed in a Felony. I watched you say that. I think you knew you made a mistake when you said it. But in the general pattern I have seen DA's never fess up to things like that.

     There is a really good quote on this in the famous Mapp v. Ohio case:

     There are those who say, as did Justice (then Judge) Cardozo, that, under our constitutional exclusionary doctrine, "[t]he criminal is to go free because the constable has blundered." *People v. Defore*, 242 N.Y. at 21, 150 N.E. at 587. In some cases, this will undoubtedly be the result. [Footnote 9] But, as was said in *Elkins*, "there is another consideration--the imperative of judicial integrity." 364 U.S. at 222. The criminal goes free, if he must, but it is the law that sets him free. Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence. As Mr. Justice Brandeis, dissenting, said in *Olmstead v. United States*, 277 U. S. 438, 485 (1928): "Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. . . . If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

     The Documents have been served on your office and you have a copy of this. We are going into court on Monday and you have the ability to argue we didn't serve it, but we did. I am at least going to make a record of this even if I can't trust you to go into court and say or do what is proper. Proper means you arguing that this was pushed too fast and that the document did go to your office. I won't hold my breath. But I call it like it is and I'm likely going to hurt your feelings a tad. Hope you can handle it!

Michael C. Warnken
ADA Advocate to Susan B. Anthony

On Fri, Jun 20, 2025 at 4:03 PM Upstanding Person <upstanding.person@gmail.com> wrote:
Mr. Shok,

I see you chose not to reply to this email. Susan B. Anthony conferred with me and asked me to send this email. Attached is a copy of the Notice of Demurrer and the Memorandum of Points & Authorities in support of it. Or at least as much as could be done by someone

She raises an objection based on time. See, your office has held onto this complaint for over a year. You have arrested her I think twice. Then you held the complaint back on garbage reasons. You wanted her to either hire an attorney or sign a Faretta waiver to get it. According to Susan (and I agree) there is nothing in that complaint that could not have been handed over and you wrongly withheld it. The same goes for discovery, you with held that as well as the affidavits on the warrants. I have never seen a warrant where someone would take over a place for 2 weeks. That's crazy. And you have the second warrant showing that you can crack safes and things like that, and its stale, but you can't give over the affidavits. Is that more of your office's Protocol? You know the other statement you made about not turning over all the discovery!

Also, you have chosen not to meet and confer with us, that's dirty on your part. Also, the complaint is dirty. At some point in time you were trained by the District attorney and you know the elements of a proper complaint. We list them here, but you need to have someone call you out on that. You (or someone in your office) wrote a criminal complaint that does not follow the rules. This is what we were speaking of about the Faretta Waiver. It says the opposition is a trained attorney. I think that has to be proven. I am not seeing proper training. Or do you ignore the laws?

**The statement you made in Court on the 16th that since its a felony, you don't need probable cause needs to haunt you. I know, you had to come up with something quick and the problem is, you presented that to the court as though it were true. That's crazy!**

**Either you know that is not true and you made a mistake and you need to alert the court that you said something untrue or you actually believe that (I actually think you do believe that) and your policy that is likely a custom is to prosecute people without probable cause. That is a sham. I see prosecutors engage in criminal activities all over the place and you seem to be cut from that same** mold. I am ready for you to press false charges on me. That's kinda what you are most likely going to do. I guess I gotta be ready for that. Can't have innocent people winning cases now can we?

You deserve this. None of what I wrote isn't true. I can call you anything I want to so long as its not malicious, NY Times v. Sullivan. I did not call you anything, I simply stated what happened. You prosecute people regularly and give them jail time. I am sure you don't let down. Well you need to follow the rules and you get to hear it when you don't. I know you gotta mark me right?

Anyway, Susan is trying to file the Demurrer, a copy is attached. If you think this is too late, then you should have suggested that Friday was not enough time. I bet you have a new one on Monday and I bet you had that ready after the hearing on the 16th. But she is trying to get it filed and in.

Michael C. Warnken
ADA Advocate for Susan B. Anthony

On Thu`, Jun 19, 2025 at 4:23 PM Upstanding Person <upstanding.person@gmail.com> wrote:
Mr. Shok,

I have spoken with Susan and we discussed the following issues I am presenting to you. She has asked me to send you this email based upon our discussion (between Susan and I). It appears that part of a Demur is meeting and conferring with the opposition. I am sending this email to you in order to meet and confer. You may and should respond to both of us. Or we will simply indicate to the court that you chose not to confer. You can send it in the AM and we can file the Demur in the afternoon on Friday.

I will start by saying I think you know what's wrong with the criminal complaint you filed with the court. I am not sure if you prepared this complaint but you are the deputy assigned to this courtroom. I have read and believe that America has a Constitution that is considered the most pro defendant constitution in the world. I am not completely sure of that, but there are several clauses of both the California State and US Constitutions that specifically benefit or protect defendants. I have also read that even though America has approximately 3% of the World's population, it also has 25% of the worlds incarcerated. So despite the fact that we likely have very pro defendant constitutions I am concerned that the system is rigged in such a way by the prosecution and perhaps the state in support that Documents like this one are immediately written unfairly so that defendants have the burden of overcoming the basics at every step of the way to such a point that getting a proper hearing and trial is near impossible, especially for those who do not have personal wealth or connections.

The Faretta waiver is another such example. Another example is the fact that this office withheld the complaint suggesting Susan either hire and attorney or has to sign a tainted Faretta waiver to represent themselves and thus you will not turn over the complaint until something to her disadvantage is done. Also, you have withheld discovery also based on the same reason. Mr. Shok, can you please explain what in the complaint was so important that it not be turned over? Please explain this. Was this your idea or did a superior of yours do this. Or is this simply a custom, pattern or practice of your office? Due process means Substantive Due Process.

So I guess we get into the nuts and bolts of the issue here.

So the complaint that appears to be lodged here is far overbroad with almost no specifics or dates other than a large span of time alleging ongoing abuse with no form or shape to this abuse. We have no idea what you are alleging is the abusive action. One strategy is or can be simply making a blanket assertion and then simply fill in the blanks after that at trial. It makes it easier to make your case before a jury. But that isn't proper.

The complaint first notes that "Defendant did unlawfully have the charge or custody," then you move on to subject needless suffering. The first issue is that it seems that you are stating that Susan had unlawful possession of the dogs. Is that what you are asserting? And if so, what evidence do you have to back this or can you simply change it because it's clearly wrong? I say that as it appears that this is wrong. But if you are also alleging she procured the dogs illegally, please say so.

Second, you allege "Dog" in lieu of dogs. What Dog and where and when. Then can you delineate what the specific allegations are. Such as: "On or about July 15 2024 and every Wednesday thereafter Joe Smith did take his snake and dipped slowly into muriatic acid for between 5 second and 4 minutes thereby causing this poor snake needless harm and great pain!"

I feel it necessary that I state this is a hypothetical, but it is a sample of something you should not only already know, but should have done. How many other complaints are written in this way? Because the first hurdle for anyone either representing themselves or those who have an attorney and thus have to pay them to fight is going through this. This pleading is designed to make a defendant have to file this demur. Then someone has to have the financial means to fight this pleading. So your office which effectively has a monopoly on the criminal cases in this county has tilted and rigged the process in just this pleading.

I cited the Case of Berger v. United States, 295 US 78 (1935):

> "He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." Berger (*Supra*) at 88

There is no allegation of act and intent. There is no specific act complained about. So, the trial tactic is likely to be a series of allegations against Susan and then you close with the need of the jury to convict. That is a cooked up process. You are engaged in win at all costs criminal litigation, which in itself, when carefully considered is criminal in itself.

I will delineate the obvious. An allegation of mens rea needs to be in there. You know, act and intent. If the statute is one of those special ones that you run upon from time to time that doesn't require intent, then its likely unconstitutional. Lenity suggests that it needs to be there. Also, you need to bring charges in such a way that every dog owner in America not be able to prosecuted because the local DA is out to get them.

Proper allegations stating direct facts. What was done that was the fountainhead of this complaint? Are you alleging she kicked the dogs? Are you suggesting she starved them? Please put out a specific fact pattern. Also affirmative facts or any alleged "failed to act" facts. Did she do something or fail to do something that led to the action?

Specifics in facts on dates and make sure you have lawful foundation for the evidence. It looks like you used the neighbor for some of your evidence and other things that are not lawful.

You can confer with us by email in the AM or I guess not get back to us. Considering you have taken over a year to bring this action and are apparently not fully clear on the facts, I think you should consider dropping this case as there are so many problems with it.

Michael

# Exhibit D Series
# ADA & Disabilities Violations

# Emails Between ADA Advocate Michael Warnken and Julie Barga
# With regard to Susan B. Anthony Disability Accomodations

Upstanding Person <upstanding.person@gmail.com>
Tue, Jun 18, 2024, 4:52 PM to jabarga

Mrs. Barga,

I am also an individual who is qualified for accommodations under the Americans with Disabilities Act (The "ADA"). I am going to be working with Susan Anthony on her case with regard to her Dogs and other matters. Please direct me to the person in charge of that.

Michael Warnken
(805) 450-5506

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Barga, Julie A. <JABarga@solanocounty.com>
Tue, Jun 18, 2024, 5:06 PM to me

Mr. Warnken:

The County, through my office and Animal Control, has attempted to ascertain what specific accommodations Ms. Anthony requires. To date, she has provided no response. As Ms. Anthony was told, the County remains committed to complying with the provisions outlined in the Americans with Disability Act (ADA).

Thank you.

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

From: Upstanding Person <upstanding.person@gmail.com>
Sent: Tuesday, June 18, 2024 4:43 PM
To: Barga, Julie A. <jabarga@solanocounty.com>
Cc: Susan B Anthony <sueccdogs@comcast.net>
Subject: Susan B. Anthony and Dog Issue

Mrs. Barga,

I tried calling you back after you hung up on me, but you have not returned my call. I am an ADA Advocate and I assist people with disabilities get their accommodations under the American's with Disabilities Act (See 42 USC 12101 et. seq and specifically 12103. I was trained to do so over a decade ago. I was trained by a pioneer in this area. There are rights for people with disabilities. The problem is government agencies often aren't trained about these rights. Many discourage people with disabilities from getting their rights. Some agencies are simply out to railroad people and they aren't particularly interested in people getting their rights.

In any event, one of the sad facts is, it is difficult for persons with disabilities to get their ADA rights and for them to apply for the rights is often a difficult process and even when they have their rights, they tend to get ignored in the process even after being granted. So, persons like myself who have been trained under the ADA and have done further research help people who are qualified under the ADA.

I am attaching a document showing an agency relationship. I was able to get a copy from Susan Anthony and I will be printing it and signing it myself and sending it to you after 5PM. I need to sit down and discuss possible accommodations with her. I need to know from you who the ADA Administrator is for either the County or I am guessing the animal control agency. I need to go over the process with them. The US Attorneys office has mandated that every County have an ADA coordinator.

You may or may not be aware that the ADA protects a litigants right to proper communications with the court and a person with disabilities has a right under the ADA to have full and effective participation in government processes such as this one. Holding a hearing without such accommodations once an entity is aware is a bit of a "no no" but I don't want to stall you from railroading her as it appears you are well in the way to doing.

Please contact me, with the proper contact person.

Also, It appears that the County has sent someone to ask Susan about her disabilities. It's a man who has seemingly been stalking her and it appears threatening her at times. I'd like to get his name and his qualifications. She did not feel safe talking to him about such. In fact, we might need to file a grievance against him.

Your attention to this is required. You have my number, please get back to me.

Michael Warnken
(805) 450-5506

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Upstanding Person <upstanding.person@gmail.com>
Jun 18, 2024, 9:12 PM to Julie

Mrs. Barga,

As a quick  FOIA can I see your training on the ADA? Have you taken any courses?

Also, did you read the letter I attached? It doesn't matter. I am her ADA Advocate, I am attempting to get her accommodations. It appears you plan on going through the hearing tomorrow, at least that appears to be the subtext. Well again, as I wrote, the reason that ADA Advocates exist is because people don't know their rights. It doesn't appear that you know or have found out what her disabilities are and what her needs are.

The man you sent to her house, the same guy who I understand has been harassing her, is not a proper substitute or a proper person needed to garner ADA information. Also, I have her ADA interests in writing. I don't think you are Covering yourself well enough. I guess we'll see.

This is an interesting question, does rooker-feldman apply to administrative hearings? Brush up on that counselor.

Also, it appears you haven't turned over the discovery she sought.

Michael

# Michael C. Warnken ADA Advocate

6715 Binghamton Rd. Dixon, CA 95620 I upstanding.person@gmail.com I Phone: (805) 450-5506

August 1, 2024

Disability Coordinator
Superior Court of California
County of Solano

Judge Gizzi
Superior Court of California
County of Solano

Julie Ann Barga
Assistant County Attorney

Susan B. Anthony
Respondent and Appellant/ee

Re:    Request Disability Accommodations
       For Appellant Susan B. Anthony in
       Susan B. Anthony v County of Solano Animal Control
       Case CL24-05249

To the Disability Coordinator, the Court, and what appears to be all Parties in interest,

        To make this easier, I am going to address the Court in letter format myself. I am an Advocate and I operate under the Americans with Disabilities Act (hereinafter the "ADA" See 42 USC 12101 et. Seq.) and other constitutional authorities. I was trained to be an ADA Advocate matter and the course work I completed was through was through a Kent College in the United Kingdom. The coursework was researched and compiled by Dr. Karen Huffer in 2012 (now Deceased). Dr. Huffer was a pioneer in disability rights and put a program to together to train people like me to assist other people under the ADA to have full and effective participation in the litigation process. I believe Title II of the ADA applies directly to the Court system. Persons with disabilities have a right and an interest in this. The fact pattern supporting what I am writing here is well detailed in the first two codes of the ADA itself. She wrote two books, I have read both and still refer to them. She has written many articles on this topic and her work survives in the public arena even though she sadly succumbed to cancer a few years ago.

        The process of getting accommodations for disabled litigants is slightly difficult and I am here to report that even with the passage of the Disabilities Act and further amendments, there is still a lot of resistance to allowing persons with disabilities to get their accommodations (an example of allowed accommodations are found in 42 USC 12103 with "D" having a wide swath of case law including being an ADA Disability advocate like myself). It is simply not enough that the process to get accommodations is difficult, but then when they are properly asserted, they are often denied even though the rights of a disabled litigant are to be liberally construed in favor of granting needed accommodations. Even then, when an accommodation order is in place, they are often ignored even when granted. I have crossed horns with more than a few judges who were happy to ignore either an accommodation order that was in place or not allow my client to have or even garner accommodations under the American's with Disabilities Act. This appears to be happening now and several times.

I am well aware most judges are not generally open to my comments or thoughts here. I have done this work widely and for a myriad of situations. I have appeared via zoom, though I generally appear in person with my clients. I have done this work in Federal Court, State Court, Civil, Criminal (again both Federal State cases) as well as civil matters. Sometimes it goes off without a hitch. Sometimes I have to work hard to get my clients their rights.

To date there are a number of things that are of concern to me. Most recently Ms. Anthony went to Court I believe on the 25th. I was not able to be at the hearing with her. I have had an ailment that has had me basically bedridden and am just getting over it. However, I drafted a disability pleading for her. I would have done it sooner, but again, I was basically bedridden for a week and if necessary, I can provide medical information backing this.

However, in reading Ms. Barga's letter to the Court dated July 29th 2024, she denotes the fact that Ms. Anthony was able to enter an opposition and she also gave two letters to the court to review and it appears that the court went ahead and ruled against Ms. Anthony and for the County attorney. However, I wrote those letters. One was an accommodations motion for Susan. I would have written it sooner, but again, was not well. The other was a grievance that I wrote to the United States Attorney's office. I sent it after I emailed a copy to Susan, however it was sent. The United States attorney was given special oversight to the ADA. The letter detailed how Ms. Barga effectively prevent Ms. Anthony from having accommoddations.

So, one letter was a request for accommodations and the other detailed how Ms. Barga uunlawfully circumvented a request for accommodations. Now, since this letter is a follow up to that one, I will simply ask that the ADA Coordinator for this court and or this county review such accommodation request even if the court appears to have ruled upon the pleading in place. There are a number of reasons for this. First and foremost based upon the complexities of this case, Ms. Anthony and myself spoke to an attorney friend of mine. I have worked directly for him on some cases. He cut his teeth in insurance cases, but does civil matters, and he was a DDA for a time as well. This case cuts across criminal matters as well as civil and there are very real problems with what has happened, not the least of which is the fact that Ms. Anthony has not been given an opportunity to have the accommodations she supposedly has a right to.

In talking with my friend, it appears there are options that exist even if the court dismisses the appeal. This includes I guess a reconsideration, I supposed based in part on what is being raised here strangely enough. However, **what is most concerning to me is that if the court did take time to read the two letters that Ms. Anthony provided, it means it ignored the fact that I was requesting accommodations for her and it ignored the fact that I wrote to the US Attorney denoting the fact we had asked Ms. Barga for accommodations for the Administrative hearing regarding the dogs.** I showed Ms. Barga the relationship between Ms. Anthony and myself and said I am her ADA Advocate and I was going to seek accommodations for her. I even noted that we needed to do it before the hearing could be held. I haven't even had the chance to sit down with her to discuss possible accommodations as this railroading is so bad.

Ms. Anthony basically ignored the letter I had showing my agency with her. She then apparently directed Mr. Speakman or someone else in Animal Control to contact Ms. Anthony over garnering accommodations. So, Ms. Barga ignored my relationship with Ms. Anthony and

then circumvented it by having a person who had just served a warrant on her contact her. The Warrant said there was an arrest warrant in place for Ms. Anthony. This is beyond absurd.

Ms. Anthony told me she did receive the call from Mr. Speakman regarding accommodations. Ms. Anthony told me she didn't feel comfortable discussing that or anything else with the person or agency who served the warrant on her and took her dogs. I don't have all the particulars on the codes at my immediate finger tips as most of what I do is request accommodations for clients and then assist them. But there is a process, you ask for accommodations, then a right to consider them exists and then they either granted or denied and then under Federal Law and appellate process must exist if they are denied. None of this happened. None of it was proper in any sense of the word proper. Once in a while I have to write something like this when things go way out of whack as they have in this matter. Now then, Federal law mandates that entities such as counties have properly trained ADA coordinators or persons properly trained in reviewing and granting ADA Motions.

I reached out to Ms. Barga in the underlying case. The administrative matter put her and animal control in a position of incredible control over the process. They had taken her dogs with an arrest warrant. There appears to be ton of problems with it. That might encourage the quick resolution of this case against my client. However, the warrant said there was an arrest warrant for Ms. Anthony. Then there was immediately an administrative matter going forward. In speaking with my attorney friend and Ms. Anthony there was a real problem with this. It appears that the administrative hearing was going forward while Ms. Anthony was given notice that she was to be arrested. It appeared from my understanding that the hearing might not have the protections that criminal law affords and the evidence taken might also circumvent these protections. I reached out to Ms. Barga and asked her for my client for the list of witnesses and this was ignored. I think there was abuse in the process of what's happened in all of this.

So, my request for accommodations by animal control was effectively ignored. The County had and has a duty to have trained persons to request accommodations. Further, even if Officer Speakman or anyone else in Animal control had training in reviewing and granting accommodation requests, he and they were certainly disqualified from doing so due to the pure adversarial relationship he and they had and still have with Ms. Anthony. Also, it appears that Animal control decided who was chosen to be the administrator or administrative judge (whatever he was) and the date of the hearing and my client had no right or input in deciding that. I am not a lawyer, but I think this all violates my clients right to due process and might even be unconstitutional. There are statutes that have been made that are unconstitutional. There are facts that in totally show unfair circumstances. I suggested to Ms. Barga that we needed to put off the hearing so we can at least garner my client ADA Accommodations and Ms. Barga refused and went ahead. It appears they had everything set in place and they were not going to let disability accommodations or really anything else stop that hearing.

Now, this is the awkward part. I am writing this as it appears the hearing happened. I had sent the accommodation letter and the letter to the United States Attorney to Ms. Anthony. I gave her instructions to file a copy of the Accommodation letter in the administration office on the third floor. Then I told her to show you a copy. It appears she did. I am not sure what you read or even if you read it. However, you instructed my client to give a copy to opposing counsel. Out of

courtesy, it appears she did. However, Accommodation motions often deal with medical matters. These are facts that are protected by HIPAA laws. It appears that information that is given to a judge is supposed to be shared with the parties involved, but this was simply intended to show you that AD Accommodations were requested. But you had them sent to the opposition. Had I been able to be there, I would have stopped that. I am not sure what to do now.

What I am now most concerned with is that it appears you Judge Gizzi that either didn't read what written or ignored it. It appears that judges generally have discretion and often times are quick to use it. However, Accommodation motions are important and Federal Law has been created to protect persons with disabilities. Consider that Judicial immunity might not protect judges (See 42 USC 12202) in matters concerning those with disabilities. **I am not here laying this out as a threat. I am trying to show how far the Federal Government went to make sure laws were created to protect those with disabilities to have access.** Consider the findings of Congress in 42 USC 12101 which include

(1) **physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society**, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

(2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of **discrimination against individuals with disabilities continue to be a serious and pervasive social problem;**

(3) **discrimination against individuals with disabilities persists in such critical areas as** employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, **and access to public services;**

The next one is powerful:

(4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, **individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;**

(5) **individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion**, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, **occupy an inferior status in our society, and are severely disadvantaged** socially, vocationally, economically, and educationally;

(7) **the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation,** independent living, and economic self-sufficiency for such individuals; and

(8) **the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous,** and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

The purpose of the ADA is to (see 42 USC 12101 (b))

(1) **to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;**
(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
(3) **to ensure that the Federal Government plays a central role in enforcing the standards** established in this chapter on behalf of individuals with disabilities; and
(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

Yet all of this has happened here in this case. I believe it was brought to your attention judge Gizzi. It looks like its been ignored. I forgot to tell my client to ask for a copy of the minute order, but I think I know what it says from what Barga wrote in her letter. She sent me a copy both in digital and hard copy, so I guess to some level she has recognized me and I am sure the only way that has happened is through her understanding of the ADA. I did send her a request for her training in the ADA. That was an open record request. She hasn't asked for an extension or denied it! I am free to sue her I suppose. But none of this should be happening.

So, Judge Gizzi, I am coming from the stand point that it appears you are likely to dismiss the matter or perhaps already have. I am at least going to ask for the accommodations to be considered and granted or not before Ms. Anthony considers her remedies to such a dismissal as it appears an appeal or a Motion to reconsider or something else exist. However, I did some research on you. You seem to have some fortitude. I am hopeful you can find a proper way here. And this is all brought up so that it can be corrected. Please do that sua sponte if you must. It matters not to me if this is kept or struck from the record. All remains true either way.

Sincerely yours,

Michael C. Warnken

A copy of this will be sent to:
The Board of Supervisors, The Court CEO, and the Davis Vanguard.

# Michael C. Warnken ADA Advocate

Affidavit of Michael C. Warnken on Disability Right Violations in Ms. Anthonys Case

I, Michael C. Warnken, the undersigned Affiant, by Affidavit in Truth, under penalty of perjury under the Law of the Land of the United States of America, I am above the age of majority and competent to testify and do hereby affirm, declare, evidence and depose the following:

I am a disability advocate and have worked as such on and off for over a decade now. I was originally trained by Dr. Karen Huffer who is now deceased. One of the main purposes of a disability advocate is to help qualified persons who have disabilities recognized under the Americans with Disabilities Act (See 42 USC 12101 et. seq.) and or pendent state disability law to get accommodations so they may be able to fully participate in various government services.

Most of the work I do involves my clients needing assistance with Court work both at the state and federal levels. Even though there are laws at both the federal and state level designed to accommodate persons with disabilities, actually getting an order for those accommodations is often difficult. The average disabled person does not know they have these rights. They often don't know what accommodations they need or what would help them. They often don't know how to request these accommodations. The last part is perhaps the most difficult. If a person makes a request for accommodations, they don't know what to do if they are denied. Even worse is when accommodations are granted, many government actors or agents simply ignore the accommodation that are garnered. I have watched this happen too often. After accommodations are granted, I help make sure the accommodations that are in place are followed. Then I usually assist my clients in other areas that they need relative to their case and their needs.

I was hired well over a year ago by Susan B. Anthony. I had discussed with her what I do. She was facing a civil hearing in Solano County on 19 June 2024 over her dogs and there were criminal implications that were part of the issue. This hearing was strangely set on a national holiday. Susan has disabilities relevant to properly communicating with the court and though she has been able to use coping mechanism successfully, she still has difficulties.

On 18 Jun 2024 I sent an email to Julie Barga, a Solano County Attorney to garner accommodations for Ms. Anthony. Ms. Barga apparently called officer Speakman and had him call Ms. Anthony to ask what accommodations she needed. Ms. Anthony did not feel comfortable talking to him since he led a raid onto her ranch on or about 5 Jun 2024 and he took 17 of her dogs and told her he had a warrant for her arrest. In light of all of this, Ms. Anthony did not feel comfortable talking with Officer Speakman and chose to exercise her right to remain

# Michael C. Warnken ADA Advocate

silent on the call with Officer Speakman. It appears Officer Speakman communicated that Ms. Anthony was silent with Julie Barga and Barga used that non statement by Ms. Anthony as a basis to wrongfully suggest that Mr. Anthony doesn't need accommodations and sent an email at 5:06PM to me (Michael Warnken) saying that Ms. Anthony didn't need accommodations.

This demonstrates how simple maneuvering by government agents can effectively and perversely steal away and prevent persons with disabilities from having their proper accommodations. Plaintiff In her claim to the County wrote that:

> I hired Michael Warnken an ADA Advocate and he reached out to County Attorney Barga who appears to be coordinating all of this. Mr. Warnken sent a series of emails and phone calls to Attorney Barga attempting to garner disability accommodations for me for the hearing. We asked to reschedule the hearing to prepare and make sure I was able to fully participate with my ADA recognized circumstances as is the right of any person with disabilities. Mr. Warnken was going to prepare an ADA request for specific accommodations. He alerted Ms. Barga about this as he didn't know who was presiding over the hearing and thus contacted her. . . It appears that Attorney Barga did not want the hearing delayed and so sought to prevent the garnering of accommodations using a ruse. It appears that Julie Barga contacted Officer Speakman to independently see about the accommodations I needed. Speakman then called me . . . and asked me to disclose to him my medical condition relating to my disabilities or what disability accommodations I needed for the hearing. I declined to discuss matters of my health with the government agent who served a warrant on me and raided my property and then took my beautiful dogs. I simply found him calling me about this absolutely repugnant . . .

After the dog hearing on 19 June 2024 Plaintiff Anthony decided to file a Motion to reconsider in the local Superior Court in Solano County as the law allows. I wrote a disability accommodations request to the Superior Court in letter format. The request for accommodations letter is Exhibit D-2 and Susan Filed a copy with the court. The request was simply ignored. This is an example of the ways government agencies deny disability accommodations, which is to simply ignore the request for accommodations. They have done it to other clients of mine.

The County and the Court is effectively still violating Ms. Anthony's rights under the Americans with Disabilities Act and pendent state authorities in support of the same rights which appear to include California Civil Code 51 and California Rules of Court Rule 1.100.

When Susan was given notice that she was being criminally prosecuted in part based on these dog matters and California Penal Code 597. I wrote an ADA request to the Court and emailed it to the HR Department of the court to garner disability accommodations again. The details of that are less important than the process at this point. The process is more important.

# Michael C. Warnken ADA Advocate

I will attach a sample form MC 410 for garnering accommodations to support my claim. In lieu of using the government document I often choose to use a simple letter (which is lawful). It is important to note that most disability accommodations relate back to health information that are private under HIPAA. At the top of the MC 410 it denotes in all CAPS that APPLICANTS INFORMATIN TO BE KEPT CONFIDENTIAL. Ms. Anthony in theory doesn't need to disclose to the public what the accommodations she asked for were or why.

Magistrate Conger first addressed the accommodation request in open Court. I had made the request to act as an ADA Advocate to be next to Susan to assist her in understanding what the court was saying and that was granted. I had also requested a private recording device for her memory. That too was granted. However, this discussion was made in open court and Magistrate Conger and Mr. Shok both should have known that this is HIPAA protected information and should not have been discussed in open Court. No order was made in writing even though disability orders are supposed to be in writing. The Ca Rules of Court Rule 1.100 states that when accommodations are either granted in part or denied they have to be in writing! Since orders should not be confirmed in open court as that likely violates health privacy laws.

I have been and acted as what is known as an ADA Advocate in many other cases. In some cases my role was broad, others narrow. I have one opinion made by a state trial judge in the Sacramento Superior Court from the case of Leslie Hagan vs. Alan Castellanos-Tanori, filed in May of 2017. I acted as the ADA advocate for Ms. Hagan through trial against the objections of opposing counsel. The judge wrote an opinion affirming my right to act as an ADA Advocate for Ms. Hagan and cited Federal Case law in support of this.

Since there was no written order in place, my duties in Ms. Anthony's case were left undefined. When Mr. Shok represented to the Court that because the case was brought against Ms. Anthony as a felony, they didn't need probable cause, this substantially bothered Ms. Anthony. I discussed this fact with her. She had entered a Demurrer and needed to write such for the court. Part of the rules to entering a demurrer appeared to be that one party needed to meet and confer with the opposition. She asked me to do this. So I wrote an email attached as Exhibit C-3 to Mr. Shok and cc'd it to Ms. Anthony and raised the issue of him saying that because the case was filed as a felony they didn't need Probable Cause. I told him that was wrong based on a conversation I had with Ms. Anthony and what we researched. Mr. Shok as an attorney is not allowed to lie or mis-inform the court and I suggested we set up a meet and confer. Mr. Shok did

not respond to the email. Nor has he retracted his statement which simply seems out of bounds. At the next hearing Mr. Shok then went into court and he threatened me by stating words to the effect that my scope of being an ADA Advocate needs to be narrowed and that he was considering prosecuting me for "Practicing Law without a License" in front of Magistrate Conger. Magistrate Conger indicated my right and the scope of me being an ADA Advocate for Ms. Anthony would be narrowed. However, no new order was drafted. This clearly violates the ADA rules as it demonstrates some form of denial of accommodation.

In the next hearing before Magistrate Kaufmann, Mr. Kaufmann told me that I was not allowed to communicate with Ms. Anthony and as such would amount to him encouraging me to break the law of not practicing law without a license. However, Federal Law treats me as an interpreter and as an ADA Advocate I do communicate with my clients during court cases regularly. So, Magistrate Conger made a verbal order granting my right to be an ADA Advocate and encouraged me in open court to stand next to and communicate with Ms. Anthony. It appears that Magistrate Kaufmann took that away with a verbal order and again not in writing. It also indicates that a lot of exparte communications have probably been going on over this case. No one seems to be reading the law and authorities on these matters either.

From my experience, there is also an issue with Magistrates and Judges making disability orders. It seems like they can and it appears the US Attorney's office does provide funding for government officials to be trained on assisting persons with disability matters, but my experience is they generally are not aware of the intricacies of disability law. I am not even sure they have been trained. Further, Judicial Immunity does not cover disability matters. The seminal case of Tennessee v. Lane, 541 U.S. 509 (2004) covers just that. What I have witnessed in Ms. Anthony's case and reading the authorities that cover it is, there are numerous and ongoing violations of various Disabilities Acts by various parties in her case. It doesn't appear they plan on recognizing her rights or even learning what they are or their duties to follow them.

I, the undersigned Affiant, by this affidavit in truth, under penalty of perjury under the Law of the united States of America [28 USC 1746(1)], do hereby affirm, declare the above information and statements are true and correct by information and belief.

Dated this 2nd day of September 2025 in Sacramento County California.


Michael C. Warnken

# Michael C. Warnken ADA Advocate

29 August 2025

Re:    Bench Warrant

At about 2:05 PM  on 28 August 2025 I spoke to Judge Kauffmans clerk or assistant Heather (she would not reveal her last name) by dialing (707) 207 7301 as is shown on the register of my cell phone. She verified that there was a warrant for Susan's Arrest. I asked for a copy of the Bench Warrant and s he would not give me a copy of the bench warrant, which I find troubling. She told me that she could not turn over the warrant because it had private or personal information in the warrant. I asked her to redact the private information and then send it, she would not do so. She suggested I come down to the Courthouse. I told her I was not in Solano County and was not able to be there to get a copy. Heather then suggested to me that Ms. Anthony could just go in and ask for a copy of the warrant or the minute order. She said no one will likely arrest her.

Sincerely yours,


Michael C. Warnken