UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BRASHEAR ANTHONHY, | No. 2:25-cv-02248-TLN-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SOLANO, et al. | |
| Defendants. | |

Plaintiff, proceeding without counsel, brings this motion for temporary restraining order (ECF No. 4) that is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's motion is appropriate for decision without oral argument within the meaning of Local Rule 230(g). For the reasons set forth below, plaintiff's motion should be denied and this action dismissed.

**I.    Procedural Background**

On August 8, 2025, plaintiff Susan Anthony commenced this action by filing a complaint and paying the filing fee. (ECF No. 1.) The named defendants consist of three counties, five magistrate judges, a sheriff's deputy, and two county attorneys. (Id., ¶¶ 17-22.) Broadly speaking, plaintiff claims defendants engaged in a years-long "campaign of constitutional violations, disability discrimination, and retaliatory prosecution" against her. (Id., ¶ 1.) Her complaint "involves numerous events and facts that happened over several years." (Id., ¶ 25.)

1

The gravamen of the complaint challenges county law enforcement actions concerning a dog-breeding operation on plaintiff's property, culminating in her arrest in June 2024, a second arrest in June 2025, and related court proceedings. (See id., ¶¶ 178, 272.) Plaintiff asserts federal claims under the Americans with Disabilities Act (ADA); the Rehabilitation Act; the Racketeer Influenced and Corrupt Organizations (RICO) Act; and 42 U.S.C. § 1983, claiming defendant Solano County violated her due process rights, equal protection rights, and First Amendment rights. She also asserts several state claims.

On September 2, 2025, plaintiff filed an unsigned motion for a temporary restraining order. (ECF No. 4.) On September 3, 2025, she filed a document called a "TRO Supplemental" in which she stated that a signature page for the TRO application was attached as Exhibit 1. (ECF No. 5 at 3, 10.) However, there is no attachment to the document consisting of a signature page. See L.R. 131(b) (all pro se pleadings and non-evidentiary documents must be signed by the person appearing on her own behalf). Plaintiff seeks a temporary restraining order staying an August 18, 2025 bench warrant for her arrest, arguing that the warrant is unconstitutional and she is the sole caretaker for her 98-year-old mother. (ECF No. 4 at 7.) Plaintiff also seeks an order "mandating [a] proper probable cause hearing before any detention"; "enjoining warrantless surveillance" of her property; "requiring preservation of all evidence relevant to constitutional claims"; and "providing humanitarian protection for elderly dependent care[.]" (Id. at 1.)

II.     **Legal Standard**

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party is (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th

Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

However, likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20-21.

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested . . . , and the nature of the relief to be requested." Id.

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

3

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id.; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

**III.    Analysis**

In a similar case in this district, Johnson v. El Dorado Superior Court, No. 2:23-cv-02843-DJC-CKD, 2023 WL 8477982 (E.D. Cal. Dec. 7, 2023), the district judge reviewed a motion for a temporary restraining order seeking to prevent the El Dorado County Superior Court "from holding Plaintiff in contempt and issuing a bench warrant for his arrest." The district judge found that "[p]laintiff's request and this entire action fall directly afoul of the Younger Abstention doctrine" and that the action was also "barred under the Rooker-Feldman doctrine." Id. at *1.

In Johnson, the district judge explained:

> Federal courts are generally required to abstain from interfering with ongoing state court proceedings. Younger v. Harris, 401 U.S. 37, 43–45 (1971). Abstention of the federal court is required under Younger when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citations omitted).
>
> Here, there are unquestionably ongoing state judicial proceedings, as the core of this action . . . Further, Plaintiff's expressly requested relief, both in the present motion and in his Complaint, is to enjoin both those state court proceedings and other state court proceedings . . . [.] Plaintiff's complaint raises a number of complaints against various California judges but the allegations against these judges do nothing to invalidate the broader availability of adequate remedies in state procedures . . . Accordingly, each of the requirements for Younger Abstention are met and the abstention of the Court is thus required. Arevalo, 882 F.3d at 765.

Id. at *2.

Here, too, there is an ongoing state judicial proceeding which implicates important state interests. In her complaint, plaintiff alleges that, on June 5, 2024, "a dozen or so officers from various jurisdictions" came to her property with a search warrant, informed her they were

4

"investigating an animal cruelty case as well as potentially dangerous dogs," and took away 17 dogs. (ECF No. 1, ¶¶ 108, 115-118, 128.) An administrative hearing and judicial proceedings followed, resulting in the August 18, 2025 bench warrant for plaintiff's arrest that the instant motion seeks to stay. Second, while plaintiff asserts numerous constitutional challenges to these proceedings, there is an adequate opportunity in the state proceedings to raise constitutional challenges. Third, plaintiff's requested relief seeks to enjoin an ongoing judicial proceeding. Thus, the requirements for Younger abstention are met.

The district judge in Johnson continued:

> Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires dismissal of the federal action." Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988). Therefore, the Court will deny Plaintiff's Motion for Temporary Restraining Order and also dismiss this action as required where the requirements are Younger met. See Juror Number One v. California, No. 2:12-cv-02199-JAM-GGH, 2012 WL 13040661, at *2 (E.D. Cal. Aug. 24, 2012) (finding that Younger Abstention applied while reviewing a Motion for Temporary Restraining Order and dismissing the action).

2023 WL 8477982, *2. Thus, this federal action is subject to dismissal under the Younger abstention doctrine.

Moreover, insofar as plaintiff sues multiple Superior Court judges over the outcomes of civil or criminal proceedings, her claims are barred by the Rooker-Feldman doctrine, which bars "both explicit and de facto appeals of state court judgments to the district court." Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). As in Johnson, several of plaintiff's claims revolve

> around the series of state court judicial proceedings in which [s]he is involved and implicate the validity of the judgments of those proceedings. This is made even more clear by the fact that Plaintiff has named numerous judges who presided over these state court proceedings as defendants in this action. The Rooker-Feldman doctrine applies to situations such as this where the plaintiff brings suit against state court judges raising claims that constitute a challenge to the results of state court proceedings.

2023 WL 8477982, *3, citing Marciano v. White, 431 Fed. Appx. 611, 613 (9th Cir. 2011). Thus, to the extent that the complaint challenges the results of state court proceedings, plaintiff's claims

are barred by the Rooker-Feldman doctrine and subject to dismissal on that basis, also.[1]

### IV.  Conclusion and Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order (ECF No. 4) be denied;

2. This case be dismissed; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 5, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/bras2248.tro.f&rs

---

[1] The undersigned does not reach the procedural deficiencies of the motion for temporary restraining order under Federal Rule of Civil Procedure 65 and Local Rule 231.